THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:12-cv-00168

| | |
|---|---|
| LAURA G. VOSK, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security )<br>Administration, )<br>)<br>Defendant. )<br>_____ ) | **ORDER OF REMAND** |

**THIS MATTER** is before the Court on the Defendant's Unopposed Motion for Entry of Judgment under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to the Defendant. [Doc. 11]. The Plaintiff consents to the motion.

Sentence four of 42 U.S.C. § 405(g) provides, in pertinent part, that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The Defendant here has moved for reversal of his decision and for remand of this case for further administrative proceedings.

The Court finds that remand is appropriate. See Melkonyan v. Sullivan, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). Upon remand to the Commissioner, the Appeals Council shall instruct the Administrative Law Judge to: (1) offer the Plaintiff the opportunity for a new hearing; (2) update the treatment evidence regarding the Plaintiff's medical condition; (3) articulate the evaluation of the severity of all medically determinable mental impairments using the special technique set forth at 20 C.F.R. § 416.920a; (4) re-evaluate the Plaintiff's subjective complaints, paying specific attention to the evidence supporting the Plaintiff's allegations that gaps in her treatment history were caused by an inability to afford treatment; (5) expressly evaluate all examining and non-examining medical source opinions, citing evidence and specific reasons to support the weight ultimately assigned; (6) reconsider the Plaintiff's residual functional capacity, citing specific evidence in support of the limitations assessed; (7) further consider whether the Plaintiff has past relevant work she is capable of performing based upon the new residual functional capacity assessment; (8) as appropriate, secure supplemental evidence from a vocational expert concerning the effect of the assessed limitations

on the Plaintiff's ability to perform other work; and (9) proceed through the sequential evaluation process and issue a new decision.

**IT IS, THEREFORE, ORDERED** that the Defendant's Unopposed Motion for Entry of Judgment under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to the Defendant [Doc. 11] is **GRANTED**.

**IT IS FURTHER ORDERED** that the decision of the Commissioner of Social Security is hereby **REVERSED** and this case is hereby **REMANDED** for further administrative proceedings, consistent with this Order.

The Clerk of Court shall enter a separate Judgment of Remand simultaneously herewith, thereby closing the case.

**IT IS SO ORDERED.**

Signed: January 4, 2013

Martin Reidinger
United States District Judge